**State of Vermont**
**Superior Court—Environmental Division**

=====================================================================
**E N T R Y  R E G A R D I N G  M O T I O N**
=====================================================================

<u>**In re Union Bank**</u>                                          **Docket No. 7-1-12 Vtec**
**(Appeal from District #5 Environmental Commission Decision)**

Title: Appellant's Motion for Summary Judgment (Filing No. 4)

Filed: Mar. 20, 2012

Filed By: Appellant Union Bank

Response filed on 4/23/12 by Cross-Appellant Jean Jenkauskas

Reply filed on 5/7/12 by Appellant

___ Granted                  ___ Denied                  _X_ Other

Currently before the Court is Union Bank's motion for summary judgment on certain Questions posed by Jean Jenkauskas ("Cross-Appellant") in her Statement of Questions. In this case, Union Bank ("Appellant") has appealed a decision by the District 5 Environmental Commission ("the Commission") denying it an Act 250 permit for the construction and operation of a bank facility on a lot at the intersection of Vermont Routes 15 and 108 in the Village of Jeffersonville. The Commission concluded that Appellant's proposed project complied with all Act 250 criteria but criterion 10 (compliance with town plan).

Subsequently, Cross-Appellant, who participated in the proceeding below under criteria 4 and 10, filed a cross-appeal. Cross-Appellant appeals the Commission's failure to grant her party status under Act 250 criteria 1(D), 5, 7, and 8; the Commission's failure to hold hearings relative to criteria 5, 7, and 8; and the Commission's ultimate conclusion that Appellant's project complies with criteria 1(D), 4, 5, 7 and 8. It is uncontested that the Commission denied Cross-Appellant's request for party status for criteria 5, 7, and 8 and that Cross-Appellant never requested party status from the Commission under criterion 1(D).

In response to the cross-appeal, Appellant moved for summary judgment on Questions 1, 2, 3, and a portion of 4 of Cross-Appellant's Statement of Questions. Essentially, Appellant seeks summary judgment on all of Cross-Appellant's Questions relating to Act 250 criteria under which Cross-Appellant did not have party status in the proceeding below. In its motion for summary judgment, Appellant argues that Cross-Appellant has failed to show that any genuine dispute of material fact exists regarding her party status under criteria 1(D), 5, 7, and 8, and that this Court should deny her party status under those criteria as a matter of law.

We will grant summary judgment to a moving party (here, Appellant) only if that party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). In opposing a motion for summary judgment, a party seeking to raise disputed facts (here, Cross-Appellant) is directed to file with the Court "a separate and concise statement of disputed facts, consisting of numbered paragraphs with specific citations to particular parts of materials in the record."

V.R.C.P. 56(c)(1)(A). These materials, whether already in the record or submitted by the party in response to the motion for summary judgment, must be in a form that would be admissible in evidence, including affidavits and other evidentiary materials. See id.; Reporter's Notes, V.R.C.P 56 ("all asserted facts must be based on admissible evidence"). If the responding party fails to do so, the Court may "grant summary judgment if the motion [for summary judgment] and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." V.R.C.P. 56(e)(3).

By its motion for summary judgment, Appellant challenges Cross-Appellant's right to party status under Act 250 criteria 1(D), 5, 7, and 8. To defeat Appellant's motion for summary judgment, Cross-Appellant bears the burden of showing that she is entitled to party status by raising material facts to dispute Appellant's argument or by arguing that even though no factual dispute exists, she is entitled to judgment in her favor as a matter of law.

Cross-Appellant sought party status before the Commission as an "adjoining property owner" under 10 V.S.A. § 6085(c)(1)(E). Because the Commission denied Cross-Appellant final party status for criteria 5, 7, and 8[1] in the proceeding below, Cross-Appellant's appeal must fall under an exception described in 10 V.S.A. § 8504(d)(2) for this Court to grant her party status under those criteria in this appeal.[2] Before this Court determines whether Cross-Appellant meets one of the three exceptions in 10 V.S.A. §8504(d)(2), however, we must first assess whether she has presented sufficient evidence showing that she is entitled to party status under the disputed criteria. See In re Granville Mfg. Co., No. 2-1-11 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. July 1, 2011) (Durkin, J.). Specifically, for each Act 250 criteria for which she is now seeking party status, she must demonstrate (1) that she has a particularized interest; (2) that the interest is protected by one of the criteria; and (3) that there is a "reasonable possibility" that the interest may be affected by a decision on the permit currently under appeal. Id. at 6; In re Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 9–10 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.) (currently on interlocutory appeal to the Supreme Court).

These party status requirements can be fulfilled by a minimal threshold showing that supports a person's party status request. Typically, an individual's request for party status is granted when they offer "some factual basis" for the Court to rely upon "that their fears and concerns [about a proposed project] have some factual basis and are not based solely on speculation." In re RCC Atlantic, Inc., No. 163-7-08 Vtec, slip op. at 8 (Vt. Envtl. Ct. May 8, 2009) (Durkin, J.). However, when a litigant's request for party status is challenged by a motion for summary judgment, we apply summary judgment evidentiary standards in determining whether the litigant is entitled to party status. In re Big Spruce Rd. Act 250 Subdivision, No. 95-5-09 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2010) (Durkin, J.). Thus, at the summary judgment stage of these proceedings, Cross-Appellant may not rely solely on the allegations of counsel contained in her opposition memorandum; she must support her claim

---

[1] The Commission also did not grant Cross-Appellant party status under Act 250 criterion 1(D), but that was because Cross-Appellant never requested it, not because the Commission denied such a request.

[2] To grant Cross-Appellant party status for each of those criteria, this Court must find that: "(A) there was a procedural defect which prevented [her] from obtaining party status or participating in the proceeding; (B) the decision being appealed is the grant or denial of party status; or (C) some other condition exists which would result in manifest injustice if [her] right to appeal was disallowed." 10 V.S.A. §8504(d)(2).

for party status with specific citations to evidence, such as affidavits.  See <u>id</u>. at 6 (citing <u>Progressive Ins. Co. v. Wasoka</u>, 2005 VT 76, ¶ 25, 178 Vt. 337).

In her opposition to Appellant's motion for summary judgment, Cross-Appellant does identify disputed issues in this case, chiefly relating to the validity of the Commission's decision below.  At this stage of the appeal, however, Cross-Appellant's party status is at issue, not the merits of Appellant's Act 250 permit application.[3]  In her response to Appellant's motion for summary judgment, Cross-Appellant does not dispute the material facts that she did not request party status before the Commission for criterion 1(D) and that the Commission denied her party status for criteria 5, 7 and 8.  It is therefore undisputed that Cross-Appellant must show that she is entitled to party status for those four criteria in an appeal of the Commission's decision before this Court.  Cross-Appellant has not yet met this burden, because in arguing that she is entitled to party status for criteria 1(D), 5, 7, and 8 under 10 V.S.A. §8504(d)(2), she fails to describe in her opposition memorandum her particularized interests and a reasonable possibility of harm to those interests if the project is approved for each criteria.  Furthermore, Cross-Appellant fails to support her arguments with citations to any materials contained in the appellate record, aside from her original Petition for Hearing and Party Status.[4]

Under V.R.C.P 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," this Court has the discretion to "give an opportunity to properly support or address the fact."  Given the importance of resolving land use disputes on substantive, rather than procedural grounds, this Court grants Cross-Appellant 10 business days to file with the Court a concise statement, in the form of an affidavit consistent with V.R.C.P. 56(c), and any other evidentiary support for her claim to party status under criteria 1(D), 5, 7, and 8 that satisfies the dictates of 10 V.S.A. § 8504(d)(2).  If Cross-Appellant fails to submit such materials within 10 business days, this Court will grant Appellant's motion for summary judgment on Cross-Appellant's Questions 1, 2, 3, and the part of 4 referring to criterion 1(D).

_____          _____November 8, 2012_____
          Thomas S. Durkin, Judge                                        Date

---

[3]  Cross-Appellant asserts that evidentiary showings on her right to party status are more appropriately made at a merits hearing.  This is incorrect.  Party status in an appeal of a decision by a district commission is an issue of standing that is properly decided by this Court before we address the merits of the appeal.  <u>In re Pion Sand & Gravel Pit</u>, No. 245-12-09 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 2, 2012) (Durkin, J.) (citing 10 V.S.A. § 8504(a)).

[4]  The sole piece of evidence Cross-Appellant cites in opposition to Appellant's motion for summary judgment is her original Petition for Hearing and Party Status, submitted to the Commission on May 12, 2011 and filed in the appellate record as Exhibit 3 of Appellant's motion for summary judgment.  While this petition contains allegations of harm under criteria 5, 7, and 8, it makes no mention of criteria 1(D) and is otherwise insufficient as evidence supporting her claim for party status in response to a motion for summary judgment.  It is also worth noting that such a petition, originally submitted in the proceeding below, does not serve as a substitute for a proper motion for party status made to this Court under V.R.E.C.P. 5(d)(2).

==========================================================================
Date copies sent: _____                         Clerk's Initials: _____
Copies sent to:
  Annie Dwight, Attorney for Appellant Union Bank
  Brice C. Simon, Attorney for Cross-Appellant Jean Jenkauskas
  David W. Rugh, Attorney for Interested Person Village of Jeffersonville
  John H. Hasen, Attorney for Interested Person Natural Resources Board, LU Panel
  Elizabeth Lord, Attorney for Interested Person Agency of Natural Resources